COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
02-08-437-CV

 

 

ROBERT G. RANELLE, D.O.                                                   APPELLANT

 

                                                   V.

 

HERSCHEL
EDWARD BEAVERS                                               APPELLEES

AND PAMELA BEAVERS

                                              ------------

 

            FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction

In this interlocutory appeal, Appellant Robert G.
Ranelle, D.O. challenges the trial court=s order
denying his motion to dismiss Appellees Herschel and Pamela Beaverses= health
care liability claims for the failure to file an adequate expert report.  We affirm.








                              II.  Factual and Procedural History

On May 29, 2008, the Beaverses filed health care
liability claims against Dr. Ranelle that arose from medical and surgical care
he had provided to Herschel.  According
to their fourth amended petition, the Beaverses sought to recover damages from
Dr. Ranelle for the following:

On or about March 18,
2003, [Dr.] Ranelle performed surgery on Herschel Edward Beavers=s back.  Before surgery, [Dr.] Ranelle represented to
[Herschel] that the surgery was indicated because [Herschel] had a ruptured
disc, herniated nucleus pulposis, or herniated disc at the L5-S1 level of his
spine.  This was a false statement by Dr.
Ranelle and the truth that [Herschel] did not have this condition was never
disclosed until Dr. Ranelle confessed his dishonesty in his deposition on March
28, 2008. [Herschel] would not have consented to the surgery had he known that
he did not have a ruptured/herniated disc. 
As a result of Dr. Ranelle=s deception and the resultant surgery, [Herschel]
suffered injuries and the [Beavers] have suffered damages.

 

[Dr. Ranelle] violated
the duty he owed to [Herschel] to exercise ordinary care and diligence
exercised by other surgeons and healthcare providers in the same or similar
circumstances and was negligent in that he: 

 

(1)
Performed unnecessary surgery;

(2)
Failed to accurately interpret radiology studies;

(3)
Negligently performed surgery; and 

(4)
Oversold the need for surgery.

 

One or more of the
above-mentioned acts and/or omissions, among others, by [Dr. Ranelle], was a
proximate cause of injury and damages . . . .

 








[Dr. Ranelle=s] conduct as described
above included making misrepresentations as well as concealing information that
[Dr. Ranelle] had a duty to disclose. 
Such conduct constitutes fraud and/or constructive fraud and resulted in
injuries to [Herschel] and damages to the [Beavers] . . . .

 

As a result of the
surgery performed by [Dr. Ranelle] on March 18, 2003, [Herschel] suffered an
assault and battery by [Dr.] Ranelle, since any consent was based on deception
by [Dr.] Ranelle.

 

The Beaverses timely served Dr. Ranelle with the
curriculum vitae and expert report of Duncan McBride, M.D., a board certified
neurosurgeon.  In his report, Dr. McBride
stated that Dr. Ranelle=s care of Herschel was below the
standard of care in two ways:  (1) Dr.
Ranelle was dishonest about Herschel=s condition
and (2) Dr. Ranelle failed to adequately pad and position Herschel=s
shoulder for surgery.  He further stated
that it was his opinion that the failure of Dr. Ranelle to observe the standard
of care was a proximate cause of Herschel=s
ongoing back problems, Herschel=s torn
rotator cuff, and all of the consequences that naturally flow from the back
surgery and surgery to repair the torn rotator cuff.

Dr. Ranelle timely filed his motion to dismiss
with prejudice, objecting to Dr. McBride=s report
on the grounds that it failed to set forth the standard of care, breach, and
causation elements of the health care liability claims alleged against him,
including the theories of negligence, battery, fraud, constructive fraud, and
lack of informed consent.  After a
hearing on the matter, the trial court denied Dr. Ranelle=s motion.  This appeal followed.








                               III.  Adequacy of Expert Report

In his sole issue, Dr. Ranelle argues that the
trial court abused its discretion by concluding that Dr. McBride=s expert
report was legally sufficient because the report (1) failed to address the
elements of the common law battery claim alleged by the Beaverses against Dr.
Ranelle; (2) failed to address Herschel=s pre
surgery symptoms, their degree of severity, or why such symptoms did not merit,
per the standard of care, going forward with the surgery; and (3) failed to
provide information on how Herschel was actually padded or positioned during
the surgery, or any causal relationship between such padding and positioning
and Herschel=s rotator cuff injury.

A.  Standard of Review








A trial court=s ruling
concerning an expert report filed under section 74.351 (formerly article 4590i,
section 13.01) of the Medical Liability and Insurance Act is reviewable under
the abuse of discretion standard.  Am.
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex.
2001); see Tex. Civ. Prac. & Rem. Code Ann. ' 74.351
(Vernon Supp. 2008).  To determine
whether a trial court abused its discretion, we must decide whether the trial
court acted without reference to any guiding rules or principles; in other
words, we must decide whether the act was arbitrary or unreasonable.  Cire v. Cummings, 134 S.W.3d 835, 838B39 (Tex.
2004).  An appellate court cannot
conclude that a trial court abused its discretion merely because the appellate
court would have ruled differently in the same circumstances.  E.I. du Pont de Nemours & Co. v.
Robinson, 923 S.W.2d 549, 558 (Tex. 1995).

B.  Applicable Law

In a health care liability claim, a claimant must
serve an expert report on each defendant no later than the 120th day after the
claim is filed.  See Tex. Civ.
Prac. & Rem. Code Ann. '
74.351.  If the claimant does not serve
an expert report on a defendant physician or health care provider within the
120‑day period, then on the motion of the affected physician or health
care provider, the trial court must dismiss the claim with prejudice.  Id. '
74.351(b).








A defendant may challenge the adequacy of a
report by filing a motion to dismiss.  Id.
'
74.351(l).  The trial court must grant
the motion to dismiss if it finds, after a hearing, that Athe
report does not represent an objective good faith effort to comply with the
definition of an expert report@ in the
statute.  Id.  While the expert report Aneed not
marshal all the plaintiff=s proof,@ it must
provide a fair summary of the expert=s
opinions as to the Aapplicable standards of care,
the manner in which the care rendered by the physician or health care provider
failed to meet the standards, and the causal relationship between that failure
and the injury, harm, or damages claimed.@  Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(r)(6);
Palacios, 46 S.W.3d at 878 (construing former art. 4590i, ' 13.01).

To constitute a good faith effort, the report
must Adiscuss
the standard of care, breach, and causation with sufficient specificity to
inform the defendant of the conduct the plaintiff has called into question and
to provide a basis for the trial court to conclude that the claims have merit.@  Palacios, 46 S.W.3d at 875.  A report does not fulfill this requirement if
it merely states the expert=s
conclusions or if it omits any of the statutory requirements.  Id. at 879. But the information in the
report Adoes not
have to meet the same requirements as the evidence offered in a summary‑judgment
proceeding or at trial.@ 
Id.  The claimant=s expert
must incorporate enough information to fulfill two purposes:  (1) to inform the defendant of the specific
conduct the plaintiff has called into question; and (2) to provide a basis for
the trial court to conclude the claims are meritorious.  Id.








When reviewing the adequacy of a report, the only
information relevant to the inquiry is the information contained within the
four corners of the document.  Id.
at 878.  This requirement precludes a
court from filling gaps in a report by drawing inferences or guessing as to
what the expert likely meant or intended. 
See id.  However, section
74.351 does not prohibit experts, as opposed to courts, from making inferences
based on medical history.  Marvin v.
Fithian, No. 14‑07‑00996‑CV, 2008 WL 2579824, at *4 (Tex.
App.CHouston
[14th Dist.] July 1, 2008, no pet.) (mem. op.); see also Tex. R. Evid.
703 (providing that an expert may draw inferences from the facts or data in a
particular case); Tex. R. Evid. 705 (providing that expert may testify in terms
of opinions and inferences).

1.  Battery
Claim

In response to Dr. Ranelle=s
argument that Dr. McBride=s expert report failed to
address the elements of the Beaverses= claim
for battery, the Beaverses argue that Dr. McBride=s expert
report meets the statutory requirements and that requiring anything more would
go to the merits of their case.  We
agree.

The tort of battery has been recognized when a
physician, with no justification or excuse, performs an operation without the
express or implied consent of the patient. 
Gravis v. Physicians & Surgeons Hosp. of Alice, 427 S.W.2d
310, 311 (Tex. 1968).  However, in Murphy,
the Texas supreme court held that the failure to obtain consent does not
automatically result in a battery because A[t]here
may be reasons for providing treatment without specific consent that do not
breach any applicable standard of care.@  See Murphy v. Russell, 167 S.W.3d 835,
838 (Tex. 2005).  AThe
existence or nonexistence of such reasons is necessarily the subject of expert
testimony.@ 
Id.








Here, Dr. McBride states in his expert report
that one of the standards of care for a spine surgeon in this type of case is A[b]eing
truthful about a patient=s condition.@  He further states that A[b]ecause
the risks and consequences of spinal surgery are serious, it is important to
avoid performing surgery when the reason for the surgery is dishonestly stated.@  Dr. McBride opined in his report that Dr.
Ranelle=s care
of Herschel fell below the standard of care based on the following:

1) Dr. Ranelle told
[Herschel] and his insurance company that he needed surgery because [Herschel]
had a herniated disc, when in fact [Herschel] did not have a herniated
disc.  Dr. Ranelle admits in his
deposition that he told [Herschel] that he had a herniated disc or herniated
nucleus pulposis when he knew this in fact was not the case.  Patients rely on their surgeons to be
truthful about their condition and need for surgery.  Telling a patient and his insurance company
that he has a herniated disc that needs surgery is overstating the patients
condition and is misleading because the success rate for leg pain relief after
spine surgery for an annular tear is much lower than spine surgery for a
herniated disc.

 

He concluded his report by stating that the
surgery Awould
not have been performed if Dr. Ranelle had been honest@ and it
was his opinion that Dr. Ranelle=s
failure to observe the standard of care was a proximate cause of Herschel=s
injuries.  Specifically, Dr. Ranelle=s
actions were the proximate cause of








[Herschel=s] ongoing back problems
and all of the consequences that naturally flow from performing a surgery that
would not have been performed if Dr. Ranelle had been honest.  These consequences include hospitalization,
pain associated with recovery from the trauma of surgery, limitation in
activities and additional medical care including in this case, physical therapy
and additional surgery to remove the bone stimulator.  Additionally, [Herschel] suffered a shoulder
injury as a result of Dr. Ranelle=s failure to properly position and pad [Herschel]
requiring surgery for a torn rotator cuff.

 








Dr. McBride=s expert
report is not required to meet the same standards as evidence offered in
summary judgment proceedings or in a trial. 
See Bowie Memorial Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex.
2002).  Therefore, we agree with the
Beaverses that the trial court could have reasonably found that Dr. McBride=s expert
report discusses the standard of care, breach, and causal link with sufficient
specificity to fulfill the two required purposes of section 74.351: (1) to
inform Dr. Ranelle of the specific conduct that the Beaverses have called into
question and (2) to provide a basis for the trial court to conclude that the
claim has merit.  See id. at
52; Palacios, 46 S.W.3d at 879. 
To require anything more would go to the merits of their case.  See Hamilton v. Durgin, No.
10-08-00146-CV, 2008 WL 4816624, at *2 (Tex. App.CWaco
Nov. 5, 2008, no pet.) (mem. op.) (holding that the expert report was
sufficient and that the defendants were arguing the merits of the claim by
relying on documents and information outside of the reports); Arboretum
Nursing & Rehab. Ctr. of Winnie, Inc. v. Isaacks, No. 14-07-00895-CV,
2008 WL 2130446, at *6 (Tex. App.CHouston
[14th Dist.] May 22, 2008, no pet.) (mem. op.) (holding that an expert report
that failed to address several contentions in appellee=s
petition was sufficient for purposes of the required statutory elements).  Accordingly, we overrule that portion of Dr.
Ranelle=s sole
issue pertaining to the Beaverses= battery
claim.

2. 
Negligence:  Unnecessary Surgery

In response to Dr. Ranelle=s
argument that Dr. McBride=s expert report failed to state,
or establish, that the surgery itself was unnecessary, the Beaverses assert
that Dr. Ranelle waived this complaint or, in the alternative, that the report
was sufficient to provide a basis for the trial court to conclude that the
surgery was unnecessary.  We disagree on
the matter of waiver but agree on the issue of sufficiency.

First, the Beaverses assert that Dr. Ranelle
never complained in his motion to dismiss that Dr. McBride=s report
failed to state or establish unnecessary surgery and therefore Dr. Ranelle has
failed to preserve this issue for appeal. 
In support of their argument, the Beaverses direct our attention to Plemons,
in which we recently reiterated that a complaint on appeal must be the same as
that presented in the trial court.  Plemons
v. Harris, No. 02‑08‑00326‑CV, 2009 WL 51290, at *3 (Tex.
App.CFort
Worth Jan. 8, 2009, no pet.) (mem. op.). 
Here, however, although Dr. Ranelle=s motion
to dismiss did not contain the words Aunnecessary
surgery,@ it did
contain the following complaint:








[T]here is no discussion
whatsoever of [Herschel] presenting symptoms, their degree or severity, and why
such symptoms, of themselves, did not merit, per the standard of care, going
forward with this particular surgical procedure.  Moreover, there is no discussion of the
results of the surgery in terms of whether [Herschel] found relief from the
symptoms that led to the surgery in the first place.

 

Dr. Ranelle=s motion asserts that the
Beaverses failed to address in the expert report that Herschel=s
symptoms did not require going through with the surgery and also that the
surgery did not benefit Herschel.  In
other words, Dr. Ranelle=s complaint asserts that the
Beaverses failed to address in the expert report that Herschel=s
surgery was unnecessary.  Therefore,
because the argument of unnecessary surgery is apparent from the context of Dr.
Ranelle=s
complaint, we hold that he has preserved this issue for appeal.  Tex. R. App. P. 33.1(a).

The Beaverses also argue that Dr. McBride=s expert
report was sufficient to provide the trial court with the basis to conclude
that Herschel=s surgery was unnecessary.

In the report, Dr. McBride states that one of the
standards of care for a spine surgeon in this type of case is A[b]eing
truthful about a patient=s condition@ and
that A[b]ecause
the risks and consequences of spinal surgery are serious, it is important to
avoid performing surgery when the reason for the surgery is dishonestly stated.@  He further opined that A[p]atients
rely on their surgeons to be truthful about their condition and need for
surgery.@








Dr. McBride=s report
then states his opinion of the manner in which Dr. Ranelle breached the
standard of care.  He states that Dr.
Ranelle admitted, in his deposition, that he had told Herschel that he had a
ruptured disc and needed surgery but then admitted that Herschel did not, in fact,
have a ruptured disc.

Finally, Dr. McBride=s report
details how Dr. Ranelle=s dishonesty led to Herschel
having a surgery that was unnecessary and the injuries that resulted from the
unnecessary surgery.  Dr. McBride states,


It is my opinion based on
reasonable medical probability that the failure of Dr. Ranelle to observe the
standards of care in Herschel Beavers= case was a proximate cause of the [sic] Mr.
Beavers= ongoing back problems
and all of the consequences that naturally flow from performing a surgery that
would not have been performed if Dr. Ranelle had been honest. [Emphasis
added.][2]

 








Therefore, after viewing the information set
forth within the four corners of Dr. McBride=s
report, we hold that the trial court did not abuse its discretion by
determining that Dr. McBride=s report
provides a fair summary of his expert opinions as to the Aapplicable
standards of care, the manner in which the care rendered by the physician or
health care provider failed to meet the standards, and the causal relationship
between that failure and the injury, harm or damages claimed@ as to
the Beaverses= unnecessary surgery claim.  See Tex. Civ. Prac. & Rem. Code
Ann. '
74.351(r)(6); Palacios, 46 S.W.3d at 878.  Furthermore, the trial court did not abuse
its discretion by determining that Dr. McBride=s report
constitutes an objective good faith effort to satisfy the two purposes of
section 74.351.  See Tex. Civ.
Prac. & Rem. Code Ann. '
74.351.  Accordingly, we overrule that
portion of Dr. Ranelle=s sole issue pertaining to the
Beaverses= claim for unnecessary surgery.

3. 
Negligence:  Rotator Cuff Injury

In response to Dr. Ranelle=s
argument that Dr. McBride=s expert report was conclusory
as to Herschel=s rotator cuff injury, the
Beaverses assert that Dr. Ranelle=s
admission, in his deposition, that Herschel suffered a torn rotator cuff as a
result of his positioning during the surgery, is sufficient to conclude that
the Beaverses= claim has merit.  We agree.








In his expert report, Dr. McBride states that one
of the standards of care in this type of case is A[p]ositioning
and padding the patient during lumbar spine surgery so his shoulders are
protected from injury.@ 
He further states that Dr. Ranelle could have prevented Herschel=s
rotator cuff injury with proper positioning and padding.  He then provides his opinion on Dr. Ranelle=s breach
of the standard of care by referring to Dr. Ranelle=s
admission Athat Herschel Beavers suffered a
torn rotator cuff as a result of the positioning for the spine surgery.@  Finally, Dr. McBride=s report
provides assertions as to the causal relationship between Dr. Ranelle=s
negligence and Herschel=s torn rotator cuff that are not
merely conclusory in light of Dr. Ranelle=s
admission.  He states that Herschel Asuffered
a shoulder injury as a result of Dr. Ranelle=s
failure to properly position and pad [Herschel] requiring surgery for a torn
rotator cuff.@

Thus, Dr. McBride=s report
summarizes his opinions as to the applicable standard of care, the manner in
which Dr. Ranelle failed to meet the standard, and the causal relationship
between Dr. Ranelle=s negligence and Herschel=s torn
rotator cuff.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 74.351(r)(6).  We therefore hold that the trial court did
not abuse its discretion by determining that Dr. McBride=s report
complied with section 74.351 as to the Beaverses= claim
for Herschel=s torn rotator cuff, and
accordingly we overrule that portion of Dr. Ranelle=s sole
issue pertaining to Herschel=s
rotator cuff injury.

                                          IV.  Conclusion

Having overruled Dr. Ranelle=s sole
issue in its entirety, we affirm the trial court=s order
denying his motion to dismiss.

 

BOB
MCCOY

JUSTICE

 

PANEL: CAYCE, C.J.; MCCOY
and MEIER, JJ. 

 

CAYCE, C.J. dissents
without opinion.

 

DELIVERED: April 30, 2009











[1]See Tex. R. App. P. 47.4.





[2]Because we previously
listed the specific injuries suffered by Herschel as a result of the surgery,
we need not list them again.